**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BRADY LAVICK ADAMS,**

      **Plaintiff,**

**vs.**                                **Case No. 4:09cv129-RH/WCS**

**MICHAEL T. SIMPSON,
and WILLIAM STAFFORD,**

      **Defendants.**

                                **/**

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under Bivens v. Six Unknown Federal Narcotis Agents, 403 U.S. 388 (1971). Doc. 1. Plaintiff paid the assessed initial partial filing fee, doc. 7, and has made subsequent payments, docs. 8-10. The complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff's complaint is against the Assistant United States Attorney (AUSA), Michael T. Simpson, who prosecuted Plaintiff and against the presiding judge, Senior United States District Judge William Stafford. Doc. 1. Plaintiff complains of due process violations in the failure of AUSA Simpson to produce DNA test results and

reports of the victim's medical condition, and alleges he "continued to violate the Brady[1] rule during sentencing . . . ."  *Id.*, at 2, 4.  Plaintiff complains that AUSA Simpson knowingly used perjured sexual assault testimony and testimony of the victim's medical condition.  *Id.*, at 2-3.  Plaintiff claims the evidence is exculpatory and would "tend to prove the plaintiff's innocence of the conviction and sentence imposed."  *Id.*, at 3.

Plaintiff also alleges that Defendant "Judge William Stafford imposed sentence based solely on an 'assumption' that the victim was sexually assaulted."  *Id.*, at 4.  Plaintiff claims Defendant Stafford simply believed the victim's "version of what happened" over Plaintiff's story.  *Id.*  Plaintiff asserts that his due process rights were further violated when Defendant Stafford enhanced Plaintiff's sentence by four levels "solely on his 'assumption' that the victim was suffering from life-threatening injuries, allegedly inflicted by the plaintiff."  *Id.*, at 5.

Plaintiff claims he was convicted and sentenced based on perjured testimony, with due process violations.  Plaintiff claims he has suffered mental anguish, and "been forced to live with this atrocious and malicious 'lie' (that Plaintiff "raped the victim as she lay bleeding from a gunshot wound") . . . and has been burdened with [the] plight of clearing his name through the rigors of pro se litigation, for the past fifteen years."  *Id.*, at 5.[2]

---

[1]  Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding that due process requires a prosecutor to disclose material exculpatory evidence to the defendant before trial).

[2] Plaintiff was indicted on August 10, 1994.  Doc. 1, p. 2.  Judicial notice is taken that Plaintiff's case went to trial on January 17, 1995, and a jury found Plaintiff guilty of counts 1, 2, and 3.  Docs. 38, 40 of case number 4:94cr04045.  Sentencing was held on April 14, 1995, and Judge Stafford sentenced Plaintiff to life in prison on count 1, a consecutive 60 months imprisonment on count 2, and 360 months imprisonment on

As relief, Plaintiff seeks an order directing the production of DNA evidence and testing of previously undisclosed evidence.  *Id.*, at 6.  Plaintiff claims the production of such evidence "will prove" that Judge Stafford "significantly enhanced" his sentence, which Plaintiff claims violated his due process rights at sentencing.  *Id.*, at 6.

The Supreme Court recently noted the power of DNA evidence and its ability to exonerate those who were wrongly convicted, and to confirm the convictions of others. District Attorney's Office for Third Judicial Dist. v. Osborne, 129 S.Ct. 2308, 2316 (June 18, 2009).  The right to such evidence under the Due Process Clause, however, varies depending on whether the request is made by one facing trial or after having been convicted.  District Attorney's Office, 129 S.Ct. 2308, at 2320.  It may be assumed that the type of relief sought by Plaintiff is not necessarily barred by Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), or Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated).  Obtaining DNA evidence does not "necessarily spell speedier release" from prison and, thus, *it is possible that it could* be sought through a civil rights action.  *See* District Attorney's Office, 129 S.Ct. at 2321-2321 (noting the state has procedures in place which, because they have not been

---

count 3, to run concurrent with count 1.  Doc. 47 of that case.  Plaintiff filed an appeal with the Eleventh Circuit Court of Appeals, which resulted in the denial of Plaintiff's *in forma pauperis* motion because the "appeal [was] frivolous."  Doc. 123.  Thereafter, his appeal was dismissed for "want of prosecution because [Plaintiff] failed to pay the" filing and docketing fees.  Doc. 124.  Plaintiff attempted another appeal of the denial of his motion for a sentence modification.  The second appeal met with identical results. Docs. 156, 157 of that case.  Plaintiff also filed a motion to vacate under 28 U.S.C. § 2255, doc. 69, which was denied in early 1998.  Docs. 72, 75.

tried, cannot be shown to be facially inadequate).  However, there is no "freestanding

right to DNA evidence untethered from the liberty interests [one] hopes to vindicate with

it."  District Attorney's Office, 129 S.Ct. at 2320.  Federal law provides an avenue of

relief for Plaintiff, but Plaintiff would be required to follow the procedures outlined in 18

U.S.C. § 3600(a) to seek relief.[3]  No relief can be provided to Plaintiff on the claims

raised in this Bivens action.

It is also not appropriate to use a separate civil rights case as a basis to

challenge evidentiary rulings or the sentence imposed.  That is the essence of Plaintiff's

claim against Judge Stafford, and that is clearly barred by the doctrine of absolute

judicial immunity.  Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55

L.Ed.2d 331 (1978); Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000) (immunity exists in

cases against federal judges for prospective injunctive relief as well as money

damages).  Plaintiff may not seek reversal of a judge's rulings in one case by filing a

separate action.  Defendant Stafford may not be sued in a civil rights action for actions

taken as the presiding judge in Plaintiff's criminal trial.

Furthermore, a civil rights action that concerns events more than four years old

are time barred.  Bivens claims, like § 1983 claims, are governed by the forum state's

residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d

1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct.

573, 102 L.Ed.2d 594 (1989); Kelly v. Serna, 87 F.3d 1235, 1239 (11th Cir. 1996);

---

[3]  "Upon a written motion by an individual under a sentence of imprisonment or death pursuant to a conviction for a Federal offense (referred to in this section as the "applicant"), the court that entered the judgment of conviction shall order DNA testing of specific evidence if the court finds that" certain specified conditions apply.  18 U.S.C. § 3600(a).

Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Plaintiff claims concern events from 1994 and 1995 which are well beyond the statute of limitations.

Finally, prosecutors are absolutely immune from suit under the civil rights statutes for their actions which are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994-995, 47 L.Ed.2d 128 (1976); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980); Jones v. Cannon, 174 F.3d 1271 (11th Cir. 1999). Such actions include "initiating a prosecution and in presenting the State's case." Imbler, 424 U.S. at 431, 96 S. Ct. at 995. AUSA Simpson is immune from suit under § 1983 and this case cannot proceed against him.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and because it is barred by the statute of limitations, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 8, 2009.

 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.